Daniel G. Shay (State Bar No. 250548)
DanielShay@SanDiegoBankruptcyNow.com
**LAW OFFICES OF DANIEL G. SHAY**
409 Camino Del Rio South, Suite 101B
San Diego, CA  92108
Telephone: (619) 222-7429
Facsimile:  (866) 431-3292

Attorney for Freddericka T. Bradshaw

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDERICKA T. BRADSHAW,<br><br>Plaintiff,<br><br>vs.<br><br>ASSET ACCEPTANCE, LLC,<br>A Delaware Limited Liability Company,<br><br>Defendant. | CASE NO. **'13CV0472 W    NLS**<br><br>COMPLAINT FOR DAMAGES<br><br>1.  VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. 1692 ET. SEQ;<br>2.  VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE 1788 ET. SEQ.<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1. Freddericka T. Bradshaw ("Plaintiff") brings this action for damages and any other available legal or equitable remedies, resulting from the illegal actions of Defendant Asset Acceptance, LLC ("Defendant") and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or related entities, in negligently, and/or willfully violating numerous debt collection laws. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

**JURISDICTION AND VENUE**

2. Jurisdiction is proper under 28 U.S.C. § 1331 because this action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.*

3. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391(b)(c) and § 1441(a) because Defendant is deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time the action is commenced, and because Defendant's contacts with this District are sufficient to subject them to personal jurisdiction. Venue is also proper in this District under 28 U.S.C. § 1391(b) because Defendant transacts business here and because Plaintiff has resided in this District at all times relevant to these claims such that a substantial part of the events giving rise to Plaintiff's causes of action against Defendant occurred within this judicial district.

**PARTIES**

5. Plaintiff is, and at all times mentioned herein was, an individual citizen and resident of the State of California, County of San Diego, in this judicial district. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10). Plaintiff is also a "consumer" as the term is defined by 15 U.S.C. § 1692a(3)

6. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a Delaware Limited Liability Company registered in Deleware with their principal place of business located in Michigan. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of San Diego, and within this judicial district. The Defendant is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153 (32). Defendant operates as a collection agency and is a "debt collector" as the term is defined by 15 U.S.C. §1692a(6).

///

///

2

**Complaint for Damages**

## FACTUAL ALLEGATIONS

7. Plaintiff incurred a financial obligation to Bank of America sometime before 2010.

8. The debt was primarily used for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed to collect the debt.

10. Defendant attempted to collect the debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

11. On August 6th, 2010, Plaintiff retained Attorney Daniel G. Shay to represent her for a Chapter Seven Bankruptcy and to file claims against creditors for harassment.

12. Plaintiff began receiving calls from Defendant around May 14th, 2012.

13. On May 21st, 2012, Plaintiff called Defendant and told Defendant she was represented by counsel, she was filing bankruptcy and to stop calling her.

14. On May 23rd, 2012, Plaintiff mailed Defendant a Cease and Desist Letter and Notice of Representation.

15. Defendant then called Plaintiff on her telephone numerous times beginning no later than May 21st, 2012.

16. Defendant called client at least twelve (12) times during the last week of May, 2012.

17. The phone number Defendant used to call Plaintiff was 410-881-5363.

18. On numerous occasions Plaintiff explicitly instructed Defendant not to call her.

19. Defendant also sent no less than four (4) collection letters from May 14th, 2012 through October 1st, 2012.

20. Two of Defendant's collection letters do not contain sufficient disclaimer language about the protections available to Plaintiff from Defendant under the law.

///

///

///

///

3

Complaint for Damages

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692, ET SEQ.**

21. Plaintiff incorporates by reference the above paragraphs of this complaint.

22. Defendant called and wrote to Plaintiff numerous times after receiving written and verbal notice of representation in violation of 15 U.S.C. § 1692c.

23. Defendant engaged in behavior the natural consequences of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

24. Defendant caused Plaintiff's phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of U.S.C. § 1692d(5).

25. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

26. Plaintiff is entitled to damages as a result of Defendant's violations.

27. Plaintiff is also entitled to an award of attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**
**CAL. CIV. CODE § 1788, ET SEQ.**

28. Plaintiff incorporates by reference the above paragraphs of this complaint.

29. The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. prohibits unfair and deceptive acts and practices in the collection of consumer debts.

30. Defendant, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

31. Defendant caused Plaintiff's telephone to ring repeatedly and engaged the Plaintiff in continuous conversations with an intent to annoy the Plaintiff, in violation of Cal. Civ. Code § 1788.11(d) and Cal. Civ. Code § 1788.11(e).

32. Defendant initiated communications with Plaintiff with regard to the consumer debt when the Defendant was previously notified in writing by the debtor's attorney that the debtor is represented by such attorney in violation of Cal. Civ. Code § 1788.14(c).

4

**Complaint for Damages**

33. Defendant failed to comply with provisions of 15 U.S.C. § 1692, et seq., in violation of Cal. Civ. Code § 1788.17

34. Plaintiff is entitled to damages as a result of Defendant's violations.

35. Plaintiff is also entitled to an award of attorneys' fees and costs.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692, ET SEQ.**

36. As a result of Defendant's violations of 15 U.S.C. § 1692, et seq., Plaintiff seeks actual damages pursuant to 15 U.S.C. § 1692k(a)(1).

37. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A).

38. Cost of litigation and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3).

39. An award of attorneys' fees and costs to counsel for Plaintiff.

40. Any other relief the Court may deem just and proper.

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**
**CAL. CIV. CODE § 1788, ET SEQ.**

74. As a result of Defendant's violations of Cal. Civ. Code § 1788, et seq., Plaintiff seeks actual damages pursuant to Cal. Civ. Code § 1788.30(a).

75. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b).

76. An award of attorneys' fees and costs to counsel for Plaintiff.

77. Any other relief the Court may deem just and proper.

///

///

///

///

**TRIAL BY JURY**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all counts so triable.

Date: February 27, 2013                LAW OFFICES OF DANIEL G. SHAY

By:  /s/ Daniel G. Shay
Daniel G. Shay
DanShay@SDBKN.com
409 Camino Del Rio South, Suite 101B
San Diego, CA  92108
Telephone: (619) 222-7429
Facsimile:  (866) 431-3292

Complaint for Damages